REQUESTED BY: Senator John W. DeCamp State Capitol Room 1116 Lincoln, NE 68509
Dear Senator DeCamp:
Based upon the premise that Initiative 300 (Now ArticleXII, Section 8, of the Nebraska Constitution) is "in fact, by its very nature and all facts surrounding it, in fact a statutory enactment by the people," you have asked if its provisions can be changed by legislative enactment.
In the case presently before the District Court of Lancaster County (Omaha National Bank v. Robert M. Spire, Attorney General), in which the constitutionality of Initiative 300 is being challenged, one of the contentions of the plaintiff is that Initiative 300 is statutory and not a proper subject for inclusion as a provision in the Nebraska Constitution. The argument in support of this contention is based primarily upon a 1910 Missouri decision in State, ex rel. Halliburton v. Roach, 130 S.W. 689.
Halliburton presented the question of whether an initiative petition proposing an amendment, to the Missouri Constitution, designating the new division of the state's senatorial districts, was valid. In concluding that it was not, the court held that the proposed amendment was a purely legislative enactment and therefore could not be submitted as a constitutional amendment. The latter are by their nature a part of the permanent and fundamental law of the state, whereas the initiative measure purported to redistrict senatorial districts for a period of time ending in 1920, at which point the power to revise and adjust the districts on the basis of the new census would be restored to the Legislature, or the people under the initiative amendment. The court declared the so-called constitutional amendment "nothing more . . . than a temporary legislative act" and stated:
 It was never contemplated under our present constitutional scheme to incorporate as a part of the permanent and fundamental law of the state a provision which must of necessity demand frequent alterations and changes.
130 S.W. at 694.
Perhaps the reason Halliburton has never been overruled is that it is so easily distinguishable on its facts. In addition to the fact that the proposed amendment was in effect for only a short period of time, its subject matter fixing senatorial districts was directly dependent on the constantly changing population, and the Missouri Constitution already contained a general provision applicable to redistricting that prescribed permanent rules and principles for carrying out redistricting plans. Most of the recent cases that cite Halliburton do distinguish it and hold just the opposite from what the court in that case held, and the position the plaintiff now takes.
In contrast to the dearth of authority supporting the proposition that constitutional amendments should not be legislative in character, there are many cases holding that legislation may be inserted in the Constitution by pursuing the proper methods.
In the following cases the courts addressed essentially the same arguments: (1) that the amendment in question isan attempt to initiate legislation under the guise of anamendment to the Constitution or (2) it is invalid becauseit consists of matter which is not constitutional or fundamentalin character but purely statutory and therefore notwithin the scope of an initiative power reserved to the people.
The courts make passing reference to the distinction between legislative acts and constitutional provisions but end up reaffirming the undoubted power to amend state constitutions that is inherent in the people.
The rationale that matters properly belonging to statutory law cannot properly be inserted in the state or federal constitutions has been advanced and rejected as long ago as 1920 in the National Prohibition Cases, 253 U.S. 350,64 L.Ed. 946 (1920). In those cases, opponents attacked the Eighteenth Amendment as legislative in character, as unrelated to the form and structure of government, and as violative of the Constitution which vests all legislative power in Congress. The United States Supreme Court was not persuaded and held that the fact that an amendment is in effect legislation controlling the conduct of private individuals, in that it ordains a final permanent law prohibiting certain acts, does not render it invalid.
The Missouri Supreme Court faced the issue three more times after Halliburton: in State v. Thompson, 323 Mo. 742,19 S.W.2d 642 (1929); in Marsh v. Bartlett, 343 Mo. 526,121 S.W.2d 737 (1938); and recently in Buchman v.Kirkpatrick, 615 S.W.2d 6 (Mo. banc 1981).
In Thompson, the court was presented with an amendment involving a lengthy and complex system providing for the raising of state highway bonds. The court noted, however, that it had only one general subject the authorization of an additional bond issue for the construction of state highways but its opponents emphasized the "legislative detail" of its coverage and argued that it was therefore invalid. The court rejected the argument, holding that being legislative in character does not invalidate an amendment and that the question of how far a constitutional amendment can descend into the particulars of government is one of policy only.
In Marsh, the court again faced the challenge to an amendment to the state's Constitution on the ground that it was legislative in character. The amendment created a Conservation Commission to regulate fish, game, and other wildlife resources. Citing the section of the Missouri Constitution that reserves power in the people to enact amendments to the constitution independently of the Legislature (cf. Neb. Const. Art. III, Sec. 2), the court held that the passage of the amendment was a valid exercise of that power and not the exercise of a legislative function at all. In fact, since the Legislature does not have the power to propose an amendment by the initiative process, the people by submitting and adopting the amendment were exercising an organic function. The court, in effect, ignored the contention that the amendment was legislative in character and simply held that the people can do this because the Constitution gives them the power to do so. The fact that up until the passage of the amendment, the Legislature, by statutory enactment, had been regulating fish and game does not effect the validity of the exercise of sovereignty reserved to the people.
And finally, in Buchman, the Missouri Supreme Court faced a constitutional challenge to an amendment designed to limit taxes and governmental expenditures within the state. The court neatly recognized the responsibility that all the court's dealing with the issue must assume:
 Ours is the task of weighing and balancing two contradictory and competing concepts the need for a stable, permanent organic law versus the inherent right of the people to alter or change the organic law and to make the final determination as to whether or not this constitutional amendment has been validly adopted by the people.
615 S.W.2d at 11. After addressing the issue of compliance with certain procedural safeguards, the court again rejected the argument that the amendment was invalid because it is in effect a legislative act.
Further evidence that the courts no longer adhere to the assertion in Halliburton that "the line of demarcation between a constitutional amendment and a purely legislative act is well defined," 130 S.W. at 694, is the case of City of Jackson v. Nims, 316 Mich. 694, 26 N.W.2d 569 (1947). The opponents of the amendment in question providing for return of one cent of the state sales tax to be divided among cities, villages, townships, and schools were trying to get it set aside on the ground that it should have been initiated as legislation. The court rejected their claim and held that "the line of demarcation between legislation and constitutional provision is too indefinite to require that an arbitrary decision must be made in advance of submitting a proposal to the voters." 26 N.W.2d at 575.
Some courts go even further than the Nims court did. In re Initiative Petition Number 259, State Question 376,316 P.2d 139 (Okla. 1957) is perhaps the strongest case for the supporters of the amendment. The court was faced with the task of determining the sufficiency of an initiative petition proposing a constitutional amendment to provide county option in the sale and distribution of 3.2 beer. The evidence showed that the subject of the proposed amendment had been left in the legislative field since 1933 and that the language of the proposed amendment was copied, with few minor changes, from a bill dealing with the same topic that was not adopted by the Legislature. Nevertheless, the court held that the amendment's statutory language and form was not fatal to its submission as a constitutional amendment.
Borrowing the rationale advanced in Marsh that the power to amend the Constitution is specifically reserved by the people the court stated that it was their duty to preserve that power and that absent any constitutional provision that prohibits proposed amendments because they have the appearance, form or substance of a statute, they must not interfere.
Three rules seem to have developed out of the case law discussed above:
 1) if the amendment is obviously temporary and in need of frequent changes or if it does not effect the form and structure of government, then it is probably legislative in character and not proper constitutional material. Halliburton, Cheeks.
 2) if the amendment is enduring and policy-forming in its subject matter, then it is proper constitutional material. Marsh, Buchman.
and
 3) even if the amendment is legislative in character, it is still valid absent a constitutional provision stating otherwise. National Prohibition Cases, In re Initiative Petition No. 259, Thompson.
Article XII, Section 8, is obviously not temporary like the amendment in Halliburton. Evidence of its being legislative in character is its similarity in language, substance and form to other state's corporate farm statutes. It is prohibitory in nature, fairly detailed, provides for a method of enforcement, and establishes penalties and exceptions.
On the other hand, it is not temporary and it does establish a policy against large-scale corporate farming in favor of the preservation of the family farm. The fact that it is similar to corporate farming statutes is irrelevant according to the Oklahoma Court in In re Initiative Petition No. 259. And finally, the expression of the popular voice of the people by adoption of constitutional amendments enables the people to establish laws that the Legislature may be inhibited to enact or that they feel are necessary in the face of changes in society, such as the rise of the corporate farm.
Whatever question there is as to whether or not Initiative 300 can be classified as "legislative in character," that question is most likely irrelevant in light of the substantial authority standing for the proposition that even if it is, it is not invalid as a constitutional amendment.
Having concluded that Initiative 300 is constitutional and not statutory, it is our opinion that its provisions may not be modified by statutory means, but may only be modified in the manner provided for the amendment of provisions of the Constitution.
Sincerely yours,
ROBERT M. SPIRE Attorney General
Bernard L. Packett Assistant Attorney General